JANET HOFFMAN OSB: 781145
Email: janet@jhoffman.com
JUSTIN T RUSK, OSB No. 175946
E-mail: justinr@jhoffman.com
Janet Hoffman & Associates LLC
1000 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: (503) 222-1125

Attorneys for Defendant Nikkia Bennett

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ERIC KARNEZIS, et al,<br><br>    Defendants. | CASE NO. 3:23-CR-00067-IM<br><br>**DEFENDANTS UNOPPOSED JOINT MOTION TO CONTINUE TRIAL** |

**MOTION**

Defendant Nikkia Bennett, by and through her attorneys, who is joined by Defendant Eric Karnezis and Defendant Lynisha Wells through their respective attorneys, hereby moves this court for a continuance of the currently scheduled February 11, 2025 trial date for approximately one hundred and eighty days to a date on or after August 11, 2025, at the Court's convenience, and continuing the pretrial motion deadline to an appropriate date prior to the reschedule date of trial.

This motion is made pursuant to 18 U.S.C. § 3161, the Federal Rules of Criminal Procedure, and the Fifth and Sixth Amendments to the United States Constitution. In accordance

MOTION TO CONTINUE TRIAL – 1

with LR 7-1, counsel for Ms. Bennett has conferred with counsel for the other joining defendants and the Government who does not oppose a continuance of this matter.

## I. Procedural Background

On March 7, 2023, non-joining Defendant Fredrico Williams was charged by Indictment with one count of conspiracy to commit wire fraud and two counts of wire fraud. On August 21, 2024, over a year later, moving defendants were joined to this action as defendants through the filing of a Superseding Indictment. *See* ECF No. 32. At the time of moving defendants' initial appearances, trial in this matter related to Mr. Williams was set for February 11, 2025, and initial trial settings for all defendants were scheduled at that time. Moving defendants are presently out of custody on pretrial release. No prior requests for a continuance as to moving defendants have been filed in this matter.

Prior to filing the present motion, counsel for Ms. Bennett conferred with the Government who does not oppose the motion and also indicates that a further discovery production is forthcoming. Counsel for Ms. Bennett also conferred with counsel for the joining defendants who indicated their non-opposition and desire to join in the motion for a continuance.

## II. Discussion

Whether to grant a continuance is an issue committed to the court's discretion. *United States v. Flynt*, 756 F.2d 1352, 1358-62 (9th Cir. 1985). In evaluating a motion for a continuance, a district court examines several relevant factors including: (1) whether the continuance would inconvenience the witnesses, the court, counsel, or the parties; (2) whether other continuances have previously been granted; (3) whether legitimate reasons exist for the continuance; (4) whether the delay is attributable to the defendant; and (5) whether a denial of the motion would prejudice the

MOTION TO CONTINUE TRIAL – 2

defendant. *See e.g.*, *United States v. Fowlie*, 24 F.3d 1059, 1069 (9th Cir. 1994) (setting forth and applying the five-factor test for evaluating a motion to continue trial). In analyzing the relevant factors, the court should consider the facts and circumstances of the particular case. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).

Here, as addressed below, those factors warrant exercising the court's discretion and granting moving defendants' request for a continuance and continuing the trial currently scheduled for February 11, 2025, to at least August 11, 2025. First, despite the initial Indictment filed against Mr. Williams in March 2023, this action is still in its infancy for moving defendants who were only added by Superseding Indictment in August 2024, almost a year and a half later. Second, moving defendants have not made any prior requests for a continuance in this matter.

Third, discovery in this matter is still ongoing. In November, the Government made its initial discovery production which includes approximately 250 gigabytes of information and well over 265,000 individual entries of discovery consisting of over 520,000 pages of individual discovery according to the Government's provided discovery index. The discovery includes forensic imaging and extraction of computer and cell phone information, hard drive extractions, witness interviews, FBI and other law enforcement agency reports, third-party search warrant returns, banking information, and a myriad of other data types. A continuance of the February trial date is necessary for defense counsel to properly review, catalogue, and analyze discovery which will then necessitate more time for investigation of various issues and defenses. Further, the review of this information may result in the need for research and briefing of pretrial motions and potential communication and discussion with the Government. Moreover, the Government has indicated that a second discovery production is in the works and is expected to be produced sometime in the

MOTION TO CONTINUE TRIAL – 3

future. Finally, defense counsel needs adequate time to prepare for trial after reviewing all the discovery.

Fourth, there is no indication that a continuance in this matter would prejudice any witnesses, the court, or the Government. And a continuance provides clarity to defendants who reside out of state precluding the need for moving defendants to make changing travel plans related to a continued trial date.

Finally, moving defendants would be prejudiced by the denial of the motion as there is no sufficient time for defense counsel to review the over 520,000 pages of discovery, investigate appropriate defenses, identify any pretrial motions or challenges, and prepare for trial before the currently scheduled trial fate. A continuance is therefore necessary to allow defendants to prepare a constitutionally adequate defense.

///

///

///

///

///

///

///

///

///

///

///

///

MOTION TO CONTINUE TRIAL – 4

### III. CONCLUSION

For the reasons set forth above, moving defendants respectfully request the court grant the present motion and continue the trial current set for February 11, 2025, for one hundred and eighty days to at least August 11, 2025. Moving defendants likewise request the court amend the scheduling order and pretrial deadline to reflect the new trial date.

Respectfully submitted this 10th day of January 2025.

                    */s/ Justin T. Rusk*
                    Justin T Rusk, OSB No. 175946
                    Email: justinr@jhoffman.com
                    Attorney for Defendant Nikkia Bennett

Joined by:

                    */s/ Michael Levine*
                    Michael Levine, OSB No. 931421
                    Email: michael@levinemchenry.com
                    Attorney for Defendant Lynisha Wells

                    */s/ Guadalupe Valencia*
                    Guadalupe Valencia, *Pro Hac Vice*
                    Email: gvalencialaw@yahoo.com
                    Attorney for Eric Karnezis

                    Amy Potter, OSB No. 231794
                    Email: amy@angelicalfo.com
                    Local Counsel for Eric Karnezis